# EXHIBIT 16

## Re: [EXTERNAL] Gunsight Lake Follow-Up

**Berhane, Fithawi (USADC) <Fithawi.Berhane@usdoj.gov>**      Jun 19, 2024, 3:51 PM

**To:** Jared Pettinato <jared@jaredpettinato.com>

Hi Jared,

Whatever deadline you set for your opening brief, we would likely ask that our opposition be due 30-40 days later.

Bests,
Isaac

Get [Outlook for iOS](#)

**From:** Jared Pettinato <jared@jaredpettinato.com>
**Sent:** Monday, June 17, 2024 9:34:20 AM
**To:** Berhane, Fithawi (USADC) <FBerhane@usa.doj.gov>
**Subject:** RE: [EXTERNAL] Gunsight Lake Follow-Up

Hello Isaac,

Thank you for this information and stipulation. That will save time.

I have some vacation coming up and some other deadlines. If we set July 17 for our motion deadline, how much time would you need for your response?

Jared

On Jun 17, 2024 at 8:32 AM, "Berhane, Fithawi (USADC)" <Fithawi.Berhane@usdoj.gov> wrote:

> Hi Jared,
>
> I hope you're well. The Fitzpatrick Matrix presumptively applies to all fee petitions in this district brought under the FOIA. So, we will not be contesting your rates, so long as they are derived from the Fitzpatrick Matrix.
>
> Bests,
>
> Isaac
>
> ---
>
> **From:** Jared Pettinato <jared@jaredpettinato.com>
> **Sent:** Friday, June 14, 2024 12:49 PM
> **To:** Berhane, Fithawi (USADC) <FBerhane@usa.doj.gov>
> **Subject:** RE: [EXTERNAL] Gunsight Lake Follow-Up

Hello Isaac,

I hope you had good time away.

That's unfortunate that we'll have to brief this.

To try to save on time and resources, let's stipulate to the Fitzpatrick matrix rates. Judge Mehta has already effectively approved those. Envtl. Def. Fund v. United States Envtl. Prot. Agency, 17-cv-02220 (APM), at *17 (D.D.C. Jan. 13, 2022). Contesting those rates would likely qualify as bad faith, anyway. See Wells v. Bowen, 855 F.2d 37, 47 (2d Cir. 1988) (recognizing that agencies may reasonably oppose fee applications by "explain[ing] what in [its] judgment would be an appropriate fee if calculated in accordance with the standards the agency would apply for work before it," and any more-strenuous objections qualify as bad faith (citations, quotations, and alterations omitted)).

Moreover, stipulating to rates would decrease the time I will have to spend establishing an appropriate rate. It will allow me to avoid engaging another lawyer to review my bills and to review my rates. That will save the United States money for fees on fees.

Finally, that stipulation will allow briefing to proceed more quickly because I will not have to coordinate with another attorney to obtain that review.

Before we set a briefing schedule, I need an answer to this to ensure I have the appropriate amount of time.

Jared

On Jun 11, 2024 at 12:33 PM, "Berhane, Fithawi (USADC)" <Fithawi.Berhane@usdoj.gov> wrote:

> Hi Jared,
>
> I hope you're well. Apologies for the belated response, as I've been out of

the office and out of the country for the past week. Anyway, as indicated in my prior email and based upon your response to that email, I believe now is the time for us to come up with a briefing schedule to be included in the next JSR. When would you like for your motion to be due?

Bests,

Isaac