UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE WILD SWAN,<br><br>      Plaintiff,<br><br>      v.<br><br>NATIONAL PARK SERVICE, et al.,<br><br>      Defendants. | Civil Action No. 24-0398 (APM) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
<u>**MOTION FOR ATTORNEYS' FEES**</u>

**TABLE OF CONTENTS**

LEGAL STANDARD ................................................................................................................1

ARGUMENT ..................................................................................................................................2

    I.      Plaintiff is Not Eligible for Attorney's Fees..........................................................2

    II.     Plaintiff is Not Entitled to Attorney's Fees ...........................................................6

           A.     Plaintiff Fails to Establish That Its FOIA Request Served Any Public Benefit..................................................................................................6

           B.     Plaintiffs Fail to Establish That Defendant's Conduct Was Unreasonable .8

    III.    Plaintiffs' Fee Request is Unreasonable...............................................................10

           A.     A Significant Proportion of the Time Entries Reflected in Plaintiffs' Billing Records Are Insufficiently Descriptive........................................10

           B.     Plaintiffs' Records Contain Evidence of Excessive Billing Practices.......12

           C.     Plaintiffs Are Not Entitled to Fees for the Time Spent Preparing Their Motion for Attorneys' Fees......................................................................13

## TABLE OF AUTHORITIES

*Baylor v. Mitchell Rubenstein & Assocs., P.C.*,
    857 F.3d 939–60 (D.C. Cir. 2017) ............................................................................... 14-15

*Bloomgarden v. Dep't of Just.*,
    253 F. Supp. 3d 166 (D.D.C. 2017) .................................................................................. 9

*Blum v. Stenson*,
    465 U.S. 886 (1984) ......................................................................................................... 3

*Brayton v. Off. of the U.S. Trade Rep.*,
    641 F.3d 521–26 (D.C. Cir. 2011) .................................................................................... 3

*Burka v. Dep't of Health & Hum. Servs.*,
    142 F.3d 1286 (D.C. Cir. 1988) ................................................................................. 5-6, 6

*Calypso Cargo Ltd. v. Coast Guard*,
    850 F. Supp. 2d 1 (D.D.C. 2011) ...................................................................................... 4

*Chesapeake Bay Found. v. Dep't of Agric*,
    108 F.3d 375 (D.C. Cir. 1997) ............................................................................. 7-8, 8, 9

*Codrea v. ATF*,
    272 F. Supp. 3d 49 (D.D.C. 2017) .................................................................................... 6

*Comm'r v. Jean*,
    496 U.S. 154 (1990) ....................................................................................................... 15

*Conservation Force v. Jewell*,
    160 F. Supp. 3d 194 (D.D.C. 2016) ............................................................................ 4, 13

*Conservation Force v. Salazar*,
    916 F. Supp. 2d 15 (D.D.C. 2013) .................................................................................. 11

*Copeland v. Marshall*,
    641 F.2d 880 (D.C. Cir. 1980) ....................................................................................... 13

*Cotton v. Heyman*,
    63 F.3d 1115 (D.C. Cir. 1995) ......................................................................................... 8

*Davy v. CIA*,
    550 F.3d 1155 (D.C. Cir. 2008) ....................................................................................... 7

*Dorsen v. SEC*,
    15 F. Supp. 3d 112–21 (D.D.C. 2015) ........................................................................ 9, 10

*Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec.*,
    982 F. Supp. 2d 56 (D.D.C. 2013) .................................................................................. 13

*Elec. Privacy Info. Ctr. v. FBI*,
    80 F. Supp. 3d 149 (D.D.C. 2015) .................................................................................. 14

*Env't Def. Fund, Inc. v. Reilly*,
   1 F.3d 1254 (D.C. Cir. 1993) .................................................................................................. 13

*Env't Integrity Project v. EPA*,
   316 F. Supp. 3d 320 (D.D.C. 2018) ..................................................................................... 4, 6

*EPIC v. FBI*,
   72 F. Supp. 3d 338 (D.D.C. 2014) .......................................................................................... 10

*Fenster v. Brown*,
   617 F.2d 740 (D.C. Cir. 1979) ................................................................................................ 8

*Gov't Accountability Project v. Dep't of Homeland Sec., Civ. A. No. 17- 2518*
   *(CRC)*, 2020 WL 4931932 (D.D.C. June 2, 2020) ................................................................. 9

*Hall & Assocs. v. EPA, No. 18-1749*
   *(RDM)*, 2023 WL 7928765 (D.D.C. Nov. 16, 2023) .............................................................. 9

*Harrington v. Dep't of Health & Hum. Servs., Civ. A. No. 20-2671*
   *(RC)*, 2022 WL 17555428, at *4 (D.D.C. Dec. 9, 2022) ........................................................ 5

*Harvey v. Lynch*,
   178 F. Supp. 3d 5 (D.D.C. 2016) ............................................................................................ 4

*Inst. for Energy Rsch. v. FERC, Civ. No. 22-3420*
   *(BAH)*, 2024 WL 3327369 (D.D.C. May 22, 2024) ............................................................... 5

*Jud. Watch, Inc. v. Dep't of Just.*,
   878 F. Supp. 2d 225 (D.D.C. 2012) ........................................................................................ 4

*Michigan v. EPA*,
   254 F.3d 1087 (D.C. Cir. 2001) ............................................................................................. 12

*Miller v. Holzman*,
   575 F. Supp. 2d 2 (D.D.C. 2008) .......................................................................................... 12

*Mobley v. Dep't of Homeland Sec.*,
   908 F. Supp. 2d 42 (D.D.C. 2012) ...................................................................................... 2, 3

*Morley v. CIA*,
   894 F.3d 389 (D.C. Cir. 2018) ...................................................................................... 2, 7, 11

*Open Am. v. Watergate Special Prosecution Force*,
   547 F.2d 605 (D.C. Cir. 1976) ............................................................................................... 10

*Pyramid Lake Paiute Tribe of Indians v. Dep't of Just.*,
   750 F.2d 117 (D.C. Cir. 1984) ................................................................................................ 4

*Role Models Am., Inc. v. Brownlee*,
   353 F.3d 962 (D.C. Cir. 2004) ......................................................................................... 11-12

*Short v. Army Corps of Eng'rs*,
   613 F. Supp. 2d 103 (D.D.C. 2009) ........................................................................................ 6

*Terris, Pravlik & Millian, LLP v. Ctrs. for Medicare & Medicaid Servs.*,
    794 F. Supp. 2d 29 (D.D.C. 2011) .............................................................................................. 6

*United Am. Fin., Inc. v. Potter*,
    770 F. Supp. 2d 252 (D.D.C. 2011) ........................................................................................ 10

*Whittle v. Moschella*,
    756 F. Supp. 589 (D.D.C. 1991) ............................................................................................ 14

Defendant, the National Park Service ("Defendant"), opposes the motion for attorneys' fees (ECF No. 18-2, "Fee Motion") filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by Plaintiff, Friends of the Wild Swan. Plaintiff demands $9,288.20 in attorney's fees. *See id.* at 25. For the reasons described herein, Plaintiff is neither eligible for nor entitled to attorney's fees, and even a cursory review of its Motion along with the attached billing records should be sufficient for this Court to conclude that the amount demanded is unreasonable. Plaintiff's counsel claims to have worked an excessive number of hours on this case, and many of the time entries are insufficiently descriptive or consist of needless or duplicative work. Therefore, Plaintiff should be denied an award of attorney's fees. And if any fees are awarded, any fee award should be significantly reduced to no more than a nominal amount.

## LEGAL STANDARD

FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i); *see Morley v. CIA*, 894 F.3d 389, 391 (D.C. Cir. 2018) ("the FOIA attorney's fees statute provides that the district court 'may' award fees to a prevailing plaintiff—and not 'must' or 'shall' award fees"). To "substantially prevail" means to have "obtained relief" through either (1) "a judicial order, or an enforceable written agreement or consent decree" or (2) "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii). Whether a plaintiff has substantially prevailed requires assessing "[a] FOIA case . . . in its totality" and, specifically, evaluating whether the FOIA plaintiff "obtain[ed] the essential elements of the relief that it seeks in its complaint." *Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42, 48 (D.D.C. 2012)

In addition to establishing that it is "eligible" for fees, to recover reasonable attorney's fees, Plaintiff must also show that it is "entitled" to recovery given the circumstances of this case.

*Brayton v. Off. of the U.S. Trade Rep.*, 641 F.3d 521, 525–26 (D.C. Cir. 2011). If a plaintiff makes both showings, the plaintiff still must establish that the fee sought is reasonable. *See Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984) (a "district court is expressly empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness").

## ARGUMENT

### I.     Plaintiff is Not Eligible for Attorney's Fees

The D.C. Circuit recently reaffirmed its longstanding precedents establishing that, to be "eligible" for fees in a FOIA action, a plaintiff must show that "the institution and prosecution of the litigation caused the agency to release the documents obtained."[1] *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 97 (D.C. Cir. 2020) (cleaned up; quoting, among others, *Church of Scientology v. Harris*, 653 F.2d 584, 587 (D.C. Cir. 1981)); *see Mobley*, 908 F. Supp. 2d at 47 (noting "that the D.C. Circuit has interpreted the term 'substantially prevailed' rather narrowly to require that a FOIA plaintiff relying on the catalyst theory must receive records responsive to its request in order for that plaintiff to have 'substantially prevailed'").

Plaintiff cannot bear its burden to make such a showing. Significantly, Plaintiff cannot show "'that it is more probable than not that the government would not have performed the desired act absent the lawsuit.'" *Grand Canyon*, 947 F.3d at 97 (quoting *Pub. Citizen Health Rsch. Grp.*

---

[1] Plaintiff's Fee Motion includes the puzzling claim that it is eligible for attorney's fees simply because Defendant supposedly changed its position with respect to the fee waiver. *See*, *e.g.*, Pl.'s Mot. at 18. Putting aside that eligibility for attorney's fees is determined based on whether federal litigation yields records responsive to a FOIA request, *Grand Canyon*, 947 F.3d at 97, Plaintiff's assertion misapprehends the record of this case. As Plaintiff's counsel has been repeatedly informed by Defendant and the undersigned counsel, Plaintiff was never denied a fee waiver, and indeed, the exhibits attached to its Motion confirm that it was never denied a fee waiver. *Id.*, Ex. 2 (ECF No. 18-5) at 6 (reflecting that Plaintiff was granted a fee waiver upon receipt of the subject FOIA request); *see also id.*, Ex. 6 (ECF No. 18-9) at 3 (wherein Plaintiff acknowledged that it has never been required to pay any fees to Defendant in relation to this matter).

*v. Young*, 909 F.2d 546, 550 (D.C. Cir. 1990)) (holding that "the plaintiff has the burden")). Instead, Plaintiff's Motion relies on (1) a mistaken and incorrect assertion that the Defendant utterly failed to even respond to Plaintiff's FOIA request before this civil action was filed, and (2) a "'post hoc, ergo propter hoc'" theory that, because responses were provided after the suit was filed, Plaintiff automatically prevailed. *See id.* (quoting *Cox v. Dep't of Just.*, 601 F.2d 1, 6 (D.C. Cir. 1979)); *see also Jud. Watch, Inc. v. Dep't of Just.*, 878 F. Supp. 2d 225, 230 (D.D.C. 2012) (explaining that "'causation requirement is missing when disclosure results not from the suit but from delayed administrative processing'" (quoting *Short v. Army Corps of Eng'rs*, 613 F. Supp. 2d 103, 106 (D.D.C. 2009))); *see also Calypso Cargo Ltd. v. Coast Guard*, 850 F. Supp. 2d 1, 5 (D.D.C. 2011) (concluding that plaintiff did not substantially prevail when "delay in the [defendant's] release was not due to intransigence, but rather was the result of a diligent ongoing process that began before the initiation of the instant lawsuit"); *see also Conservation Force v. Jewell*, 160 F. Supp. 3d 194, 206 (D.D.C. 2016) ("while it is true that Defendants released some documents after [plaintiff] filed the complaint as a purely chronological matter, it is also clear beyond cavil that the catalyst method requires more").

Rather, "the question is whether hard evidence—beyond temporal proximity—supports the inference that the plaintiffs' lawsuit caused the document release or other requested relief." *Conservation Force*, 160 F. Supp. 3d at 206; *accord Env't Integrity Project v. EPA*, 316 F. Supp. 3d 320, 328 (D.D.C. 2018) (same).  "Absent any evidence on the matter, the natural inference is that the [agency] was simply responding to the [plaintiffs'] request," even if belatedly.  *Pyramid Lake Paiute Tribe of Indians v. Dep't of Just.*, 750 F.2d 117, 120 (D.C. Cir. 1984); *see also Harvey v. Lynch*, 178 F. Supp. 3d 5, 8 (D.D.C. 2016) ("As the D.C. Circuit has observed, 'both the plethora of [FOIA] cases pending before federal agencies at any given time[ ] and the time-consuming

nature of the search and decision process' would make a strict-liability rule for agencies that miss the 20-day FOIA deadline both unnecessarily harsh and potentially quite expensive." (quoting *Cox*, 601 F.2d at 6)).

As explained in the Declaration of Allison Yamato, there is no evidence that Plaintiff's federal complaint caused Defendant to change what it already was doing with respect to the subject FOIA request. *See generally* Yamato Decl. Defendant completed the processing of responsive records months before Plaintiff filed suit. *Id.* ¶ 10; *see also Harrington v. Dep't of Health & Hum. Servs.*, Civ. A. No. 20-2671 (RC), 2022 WL 17555428, at *4 (D.D.C. Dec. 9, 2022) (rejecting plaintiffs' attorneys' fees demand, in part, because the "complaint acknowledges that [the defendant] started processing his requests before he filed suit"). As well, Defendant made its initial production on February 23, 2024, or only three days after being served by the Complaint, and the Yamato Declaration explains that absent personnel shortages the initial production would have been made at an even earlier date. Yamato Decl. ¶ 10.

Moreover, even though Defendant made an additional production on April 22, 2024, that was not in response to the instant litigation but to correct a mistake in the original production. *Id.* ¶ 11. In other words, Defendant unilaterally acknowledged and sought to correct an honest mistake with its April 22, 2024, production, and it is well-established that an agency does not become liable for attorney's fees simply because it makes a mistake (which is subsequently corrected) during a FOIA litigation. *See Inst. for Energy Rsch. v. FERC*, Civ. No. 22-3420 (BAH), 2024 WL 3327369, at *4 (D.D.C. May 22, 2024) ("To be sure, defendant only realized a mistaken omission of records when preparing its motion for summary judgment, but plaintiff offers no evidence suggesting that defendant would not have released these records absent this litigation—much less that 'it is more probable than not' that defendant would not have released these records" (cleaned up)); *see also*

*Burka v. Dep't of Health & Hum. Servs.*, 142 F.3d 1286, 1288 (D.C. Cir. 1988) (explaining that party claiming fees "must first establish eligibility by showing that the lawsuit was reasonably necessary and the litigation substantially caused the requested records to be released").

Ultimately, "Congress did not enact the fee-shifting provision of FOIA to punish agencies for their slowness in processing FOIA requests, but to reward plaintiffs whose filing of lawsuits alters the government's slowness and brings about disclosure." *Terris, Pravlik & Millian, LLP v. Ctrs. for Medicare & Medicaid Servs.*, 794 F. Supp. 2d 29, 38 (D.D.C. 2011); *accord Burka v. Dep't of Health & Hum. Servs.*, 142 F.3d 1286, 1289-90 (D.C. Cir. 1998) ("An award of attorney's fees was intended . . . not [to] reward successful claimants or penalize the government."). When "an unavoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to respond to the request, then it cannot be said that the [plaintiff] substantially prevailed in [the] suit." *Church of Scientology*, 653 F.2d at 588 (citation omitted); *see also, e.g., Env't Integrity Project*, 316 F. Supp. 3d at 328 ("unintentional administrative burdens . . . delayed [the agency's] response, and [plaintiffs'] lawsuit did not cause the eventual release"); *see also Codrea v. ATF*, 272 F. Supp. 3d 49, 53 (D.D.C. 2017) ("an agency's delay in response until after a lawsuit is filed may be the result of factors having nothing to do with the filing of the lawsuit but instead with administrative delays due to backlogs of FOIA requests"); *see also Short v. Army Corps of Eng'rs*, 613 F. Supp. 2d 103, 106 (D.D.C. 2009) ("The causation requirement is missing when disclosure results not from the suit but from delayed administrative processing"). Thus, "if the government's assertion for any delay is the slowness of the FOIA process despite its due diligence, disclosure after the lawsuit is filed, even if long delayed, will not in itself justify the award of fees." *Terris*, 794 F. Supp. 2d at 38. Such is the case here.

Accordingly, the Court should deny Plaintiff's Motion, since Plaintiff cannot bear its burden to show that Defendant's production of responsive records was in any way catalyzed by the filing of the Complaint.

## II. Plaintiff is Not Entitled to Attorney's Fees

In addition to establishing eligibility for a fee award, a FOIA plaintiff seeking fees also must show that it is entitled to them. *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 590 (D.C. Cir. 1981). The entitlement inquiry examines (1) the public benefit derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding had a reasonable basis in law. *See Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008). Whether a FOIA requester is entitled to a fee award is a finding that lies within this Court's discretion. *Morley*, 894 F.3d at 391. In weighing these four factors, the D.C. Circuit has further explained that:

> [T]he first three factors assist a court in distinguishing between requesters who seek documents for public informational purposes and those who seek documents for private advantage. The former engage in the kind of endeavor for which a public subsidy makes some sense, and they typically need the fee incentive to pursue litigation; the latter cannot deserve a subsidy as they benefit only themselves and typically need no incentive to litigate.

*Davy,* 550 F.3d at 1160. The D.C. Circuit has also held that "when the four factors point in different directions, the district court has very broad discretion in deciding how to balance those factors." *Morley*, 894 F.3d at 391. Here, the record plainly reflects that the two most important factors—i.e., public interest and reasonableness of Defendant's conduct—weigh decisively against Plaintiff.

### A. Plaintiff Fails to Establish That Its FOIA Request Served Any Public Benefit

As an initial matter, because no public benefit was obtained from "[this] litigation," the Court need not consider the other factors. *See Chesapeake Bay Found. v. Dep't of Agric,* 108 F.3d

375, 378 (D.C. Cir. 1997) ("[w]here, as here, there was no public benefit to the litigation, an award of attorneys' fees and costs is unwarranted"). "[T]he 'public benefit' criterion 'speaks for an award (of attorneys' fees) where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices.'" *Fenster v. Brown,* 617 F.2d 740, 744 (D.C. Cir. 1979) (quoting *Blue v. Bureau of Prisons*, 570 F.2d 529, 534 (5th Cir. 1978)). Therefore, in considering the public benefit, courts evaluate the specific information ordered released, *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995), and whether the litigation advanced the public interest. *Chesapeake Bay*, 108 F.3d at 377. Importantly, the focus of the public interest inquiry is not whether there was a public interest in the general subject matter of the request, but whether a public interest was derived from "the litigation." *See id*.

Here, Plaintiff's FOIA request sought the "project record for the Westslope Cutthroat and Bull Trout Preservation in Gunsight Lake Project in Glacier National Park." *See* Yamato Decl. ¶ 5. By way of buttressing its argument that the public interest was served by this litigation, Plaintiff reiterates baseless claims about how its FOIA request uncovered Defendant's purported "violations" of the Endangered Species Act. Fee Mot. at 19. But this is just an allegation, and a conclusory one at that, and the mere fact that Plaintiff's allegations have been uncritically recited in certain media outlets does not mean that the FOIA request served any public interest. *Id.* at 19-20. Further, Plaintiff's claim that this FOIA request assisted Plaintiff in uncovering any pertinent information regarding Defendant's alleged lack of compliance with the Endangered Species Act is belied by Plaintiff's own Motion. Specifically, an examination of the Motion and its attached exhibits does not reveal any examples of how relevant portions of the responsive records demonstrate violations of the law. Indeed, it is notable that Plaintiff's letter of July 1, 2024, in which it accuses Defendant of violating the Endangered Species Act with its Gunsight Lake

Project, does not include any discernible reference to the records provided to Plaintiff pursuant to its FOIA request. *See generally id.*, Ex. 7 (ECF No. 18-10).

Accordingly, Plaintiff cannot demonstrate that its FOIA request served any discernible public interest. *See*, *e.g.*, *Hall & Assocs. v. EPA*, No. 18-1749 (RDM), 2023 WL 7928765, at *27 (D.D.C. Nov. 16, 2023) ("[T]he Court remains skeptical that, when [the plaintiff] brought this suit, there was a 'decent chance' that the FOIA request at issue in the case would generate any new information of material public interest.") (citation omitted).

### B. Plaintiffs Fail to Establish That Defendant's Conduct Was Unreasonable

Further, the fourth factor—the reasonableness of Defendant's conduct—may be "dispositive." *Dorsen v. SEC*, 15 F. Supp. 3d 112, 120–21 (D.D.C. 2015). "This factor 'is intended to weed out those cases in which the government was recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'" *Bloomgarden v. Dep't of Just.*, 253 F. Supp. 3d 166, 173 (D.D.C. 2017) (quoting *Tax Analysts*, 965 F.2d at 1097). When, by contrast, there is no evidence of obdurate and recalcitrant behavior, and no evidence that the government needlessly prolonged this litigation, the fourth factor weighs heavily against awarding fees.

Here, Plaintiff never contested any of the redactions made by Defendant, nor did Plaintiff ever argue that Defendant's search was inadequate. Indeed, where a plaintiff "does not contest" an agency's determinations, it has agreed that "there was no improper withholding, [and] the Court need not decide whether the agency had a 'colorable or reasonable basis.'" *Gov't Accountability Project v. Dep't of Homeland Sec.*, Civ. A. No. 17- 2518 (CRC), 2020 WL 4931932, at *2 (D.D.C. June 2, 2020) (quoting *Davy*, 550 F.3d at 1163). Therefore, Plaintiff's fee petition rests entirely on Defendant's alleged delay in processing its FOIA request. That argument does not establish that Defendant's conduct was sufficiently unreasonable as to entitle Plaintiff to fees. As described above and in the Yamato Declaration, the record reflects that Defendant's conduct before and after

the applicable twenty-day deadline represented a timely and concerted effort to process Plaintiff's FOIA request as quickly as possible.  *See supra.*

Courts in this Circuit have concluded that "an agency's failure to meet deadlines, absent any evidence of bad faith, did not 'in and of itself' warrant an award of fees." *EPIC v. FBI*, 72 F. Supp. 3d 338, 348 (D.D.C. 2014) (quoting *Simon v. United States*, 587 F. Supp. 1029, 1032 (D.D.C. 1984)); *see also United Am. Fin., Inc. v. Potter*, 770 F. Supp. 2d 252 (D.D.C. 2011).  Even where other factors favor entitlement, courts have explained that not all processing delays constitute "unreasonable" agency behavior.  *Cf. EPIC*, 72 F. Supp. 3d at 348-49 (deeming fourth factor neutral where agency "had no further contact with [plaintiff] for six months" after plaintiff narrowed the request, because, notwithstanding that delay, there was "no evidence that the FBI acted recalcitrantly or obdurately").  After all, agencies should not be penalized for—or disincentivized from—voluntarily releasing records at the outset of a litigation when the agency might earlier have had reasonable bases for withholding the records at that time, or may have suffered delays due to responding to other, already-submitted requests.  *See Dorsen*, 15 F. Supp. 3d at 124–25; *see generally Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976) (agencies should "assign[] all requests on a first-in, first-out basis, except those where exceptional need or urgency is shown," and courts should not enable plaintiffs to "gain[] access to Government records ahead of prior applicants for information" unless "a genuine need and reason for urgency" is shown).  Given the overwhelming volume of FOIA requests, FOIA's statutory deadlines are "not mandatory but directory." *Open Am.*, 547 F.2d at 616; *see Harvey*, 178 F. Supp. 3d at 8 (strict liability for missed deadlines would be "quite expensive").

Thus, an agency that did not meet the twenty-day statutory response deadline due to administrative backlogs or staffing shortages, but which otherwise worked diligently to process a

FOIA request, has not, absent any showing of bad faith, acted unreasonably.  Because that is the case here, the Court should find that this fourth factor weighs in Defendant's favor.

Moreover, that factors two and three may weigh in Plaintiff's favor does not alone render Plaintiff entitled to fees.  *See Morley*, 894 F.3d at 391.

### III.     Plaintiffs' Fee Request is Unreasonable.

If, despite the analysis above, the Court deems Plaintiff eligible and entitled for attorney's fees, Plaintiff's fee demand is unreasonably high. As will be demonstrated below, Plaintiff's billing records, which seek compensation by the taxpayers for 13.2 total hours, contain numerous examples of needless or duplicative work, plainly excessive billing practices, and insufficiently descriptive time entries.  *See generally* Invoice, ECF No. 18-16.  Accordingly, any fee award in this case should be substantially reduced.[2]

#### A.     A Significant Proportion of the Time Entries Reflected in Plaintiffs' Billing Records Are Insufficiently Descriptive.

It is axiomatic that insufficiently descriptive billing records warrant a reduction in compensable hours when assessing attorney's fees.  *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Homeland Sec.*, Civ. A. No. 08-1046 (RCL), 2010 WL 8971920, at *2 (D.D.C. Apr. 21, 2010) (finding that time records such as "research, draft and final prep of plaintiffs' opposition and cross-motion for SJ; confer w/ co-counsel . . . lack the adequate detail that would permit the Court to evaluate whether [plaintiff's] fee request is justified"); *Conservation Force v. Salazar*, 916 F. Supp. 2d 15, 28 (D.D.C. 2013) (finding that "general descriptions," such as "Opposition to Motion to Strike," merit a reduction in hours compensated); *Role Models Am.,*

---

[2]     Plaintiffs appropriately claim attorneys' fees pursuant to the hourly billing rates established by the Fitzpatrick Matrix, and therefore Defendant does not challenge the reasonableness of Plaintiffs' rates.

- 10 -

*Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004) ("generic entries" in which attorneys "billed simply for 'research' and 'writing,' or for time spent in teleconferences or meetings . . . the purposes of which are not provided" are "inadequate to meet a fee applicant's heavy obligation to present well-documented claims") (internal quotation marks omitted); *Michigan v. EPA*, 254 F.3d 1087, 1095 (D.C. Cir. 2001) ("There are, in particular, numerous entries concerning meetings and conferences that, although they include information concerning the identities of the individuals involved, are nevertheless devoid of any descriptive rationale for their occurrence.  Therefore, as we have done in similar circumstances in the past, after all other deductions have been taken we will make a further deduction of 10% of the remaining billings."); *Miller v. Holzman*, 575 F. Supp. 2d 2, 36 (D.D.C. 2008) (finding that counsel's time records were "simply rife with ambiguous and nugatory entries" such as "reviewing and analyzing issues re strategy" and "preparing for trial," and concluding that the ambiguity of counsel's time entries warranted an across-the-board reduction).

Here, Plaintiff's counsel's first entry on February 4, 2024, was for 1.5 hours, and the task that Plaintiff's counsel allegedly performed was "Draft Complaint."  *See* Invoice at 2, ECF No. 18-16.  Following this non-descriptive entry are even more non-descriptive entries, in which Plaintiff's counsel, for example, has multiple phone calls with his client cumulatively amounting to several hours of billing entries about "next steps," "joint status report," and "motion for extension" without including any detailed description of the subject-matter of these phone calls.  *See generally id.*  It is no exaggeration to say, in fact, that virtually all of Plaintiff's time entries lack any meaningful description of the tasks Plaintiff's counsel performed in relation to this litigation, or why he performed such tasks.

As such, should this Court decide that Plaintiff is entitled to an award for attorney's fees, Defendant respectfully requests that this Court exclude all insufficiently descriptive time entries from Plaintiffs' award for attorney's fees.

### B. Plaintiffs' Records Contain Evidence of Excessive Billing Practices

Some of the 13.2 hours for which Plaintiffs seek attorney's fees clearly consist of needless and/or duplicative tasks. As such, the Court should exclude from any award fees that were unnecessarily incurred or are excessive. *See Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60 (D.D.C. 2013) ("[T]his Court expects fee applicants to exercise billing judgment. Where applicants fail to do this, the Court will exclude 'hours that are excessive, redundant, or otherwise unnecessary' after considering the record."); *see also Env't Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1258 (D.C. Cir. 1993) ("In deciding the reasonableness of the hours reported, we properly disallow 'time spent in duplicative, unorganized or otherwise unproductive effort.'"); *see also Conservation Force*, 160 F. Supp. 3d 194 at 203 ("it is important to note that, even after finding eligibility and entitlement, district courts retain the discretion to modify a fee award based on the reasonableness of the request and the particular facts of the case").

Here, Plaintiff's time entries evidence significant inefficiencies and a lack of billing judgment. *See Copeland v. Marshall*, 641 F.2d 880, 902-03 (D.C. Cir. 1980) ("not allowable are hours that simply should not have been spent at all, such as where attorneys' efforts are unorganized or duplicative"). For example, Plaintiff's counsel inexplicably billed a cumulative 4.5 hours for preparation of the FOIA Complaint. *See* Invoice at 2, ECF No. 18-16. Yet Plaintiff's Complaint consists entirely of boilerplate language and extraneous, irrelevant reiteration of scurrilous allegations regarding Defendant's purported "lake poisoning project" and other spurious accusations of nefarious conduct. *See generally* Compl. (ECF No. 1). Indeed, Plaintiff's Complaint even names as defendants two individuals—i.e., David Roemer and Katharine

Hammond—even though it is well-established that "[t]he jurisdiction of this Court to enforce FOIA is limited to enjoining agency noncompliance, § 552(a)(4)(B), and consequently no FOIA claim may be asserted against individual federal officials." *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991).

Moreover, as stated above, Defendant made its final production on April 22, 2024, *see supra*, and Plaintiff is on record as no longer challenging the adequacy of Defendant's search or its redactions after that final production. *See generally* ECF No. 14. Nevertheless, Plaintiff's counsel bills roughly 7 hours for various tasks postdating Defendant's final production, even though none of these tasks had anything to do with advancing this FOIA litigation in Plaintiff's favor. *See* Invoice at 3, ECF No. 18-16. Such billing entries should be stricken from any fee award.

Given the above, Plaintiff's time entries reflect significant overbilling. Should the Court award attorney's fees at all, the Court should only award Plaintiff attorney's fees for one hour spent in preparing the FOIA Complaint and should strike any entries after Defendant's final production, which reflect overbilling for needless or duplicative tasks.

### C.     Plaintiffs Are Not Entitled to Fees for the Time Spent Preparing Their Motion for Attorneys' Fees.

Finally, Plaintiff's counsel apparently seeks attorney's fees for the time spent working on his Motion for Fees. *See* Fee Mot. at 24-25. "While it is settled in this circuit that hours reasonably devoted to a request for fees are compensable, fees on fees must be reasonable, and not excessive." *Elec. Privacy Info. Ctr. v. FBI*, 80 F. Supp. 3d 149, 162 (D.D.C. 2015) (internal citations and edits omitted). The Court must "scrutinize" fees-on-fees "to ensure that the total is reasonable and . . . does not represent a windfall for the attorneys." *See id.* at 162–63 (citing *Boehner v. McDermott*, 541 F. Supp. 2d 310, 325 (D.D.C. 2008)); *see also Baylor v. Mitchell Rubenstein & Assocs.*, P.C.,

857 F.3d 939, 959–60 (D.C. Cir. 2017) (Henderson, J., concurring) (decrying fee requests in which "'the tail [is] wagging the dog'"). Moreover, it is well-established that "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Comm'r v. Jean*, 496 U.S. 154, 163 n.10 (1990).

Here, given that Plaintiffs did not prevail in this litigation in any way, the Court should deny Plaintiff any award for the preparation of its Motion. Additionally, Plaintiff's Motion does not even indicate how many hours Plaintiff's counsel spent working on the Motion, rendering it impossible for the Court to assess the validity and reasonableness of Plaintiff's demand for fees on fees. *See generally* Fee Mot. Alternatively, even if the Court were inclined to consider an award of fees on fees, it should only award a low amount considering the generally unnecessary nature of this litigation, the generally non-compensable nature of the work Plaintiff's counsel performed during it, and that the Fee Motion largely reiterates the extraneous and conclusory allegations first articulated in the Complaint. *Compare* Fee Mot., *with* Compl. Because Plaintiff never challenged Defendant's search or withholdings, no more than 0.2 hours (at most) should be deemed compensable by the Court for work on the fees stage of this case.

\*   \*   \*

## CONCLUSION

For the foregoing reasons, Plaintiff's Fee Motion should be denied. Alternatively, should the Court should determine that Plaintiff is eligible and entitled to an award of fees, the total amount should not exceed $1,000.

Dated: August 22, 2024　　　　　　　　Respectfully submitted,
　　　　　Washington, DC

　　　　　　　　　　　　　　　　　　MATTHEW M. GRAVES, D.C. Bar #481052
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　BRIAN P. HUDAK
　　　　　　　　　　　　　　　　　　Chief, Civil Division

　　　　　　　　　　　　　　　　　　By:　　　　*/s/ Fithawi Berhane*
　　　　　　　　　　　　　　　　　　　　FITHAWI BERHANE
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　601 D Street, NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　　　(202) 252-6653
　　　　　　　　　　　　　　　　　　　　Fithawi.Berhane@usdoj.gov

　　　　　　　　　　　　　　　　　　*Attorneys for the United States of America*